**LAW OFFICE OF FRANK LAWRENCE**
Frank Lawrence (CA Bar No. 147531)
578 Sutton Way, No. 246
Grass Valley, California 95945
frank@franklawrence.com
Tel. (530) 478-0703
Fax (530) 478-0723

*Attorney for Defendants San Manuel Band of Mission Indians, San Manuel Indian Bingo and Casino*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HARRIS,<br><br>    Plaintiff,<br>vs.<br><br>SAN MANUEL BAND OF MISSION INDIANS, SAN MANUEL INDIAN BINGO AND CASINO, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 5:14-CV-02365 SJO<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:        May 4, 2015 (Off Calendar)<br>Time:       10:00 a.m.<br>Judge:      Hon. S. James Otero<br>Courtroom: 1 |

# I. INTRODUCTION

Defendants San Manuel Band of Mission Indians ("Tribe") and San Manuel Indian Bingo and Casino ("Casino") file this reply brief in support of their motion to dismiss. *See* Doc. No. 17. Plaintiff opposed on March 13, 2015. *See* Doc. No. 19. The Court issued a minute order on April 14, 2015, finding the motion suitable for disposition without oral argument, vacating the hearing set for May 4, 2015, and directing that the briefing schedule remain set as directed under the Local Rules. *See* Doc. No. 20.

Defendants' motion provided substantial background regarding the Tribe, the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-21 ("IGRA"), the Tribe's Compact with California, its Casino, its Tort Liability Ordinance ("Ordinance"), its Department of Public Safety, and the plaintiff's employment, termination, and appeal. *See* Doc. No. 17-1, at pp. 1-10.

Defendants' opening brief explained that California's employment laws do not apply to the Tribe as an employer on its Reservation. *See id.* at pp. 11-13. It set out the law governing the Tribe's sovereign immunity, including that waivers must be express and unequivocal, and that any waivers are narrowly construed in the Tribe's favor. *See id.* at pp. 13-16. It explained that the Compact is only enforceable by the State and the Tribe, and thus that private third parties such as plaintiff lack the ability to seek to enforce Compact terms. *See id.* at pp. 16-18. It explained that while the Tribe's Ordinance provides a remedy for patron and vendor tort claims against the Casino, it does not provide a remedy for employment-related claims. *See id.* at pp. 18-19. It further noted that the Ordinance only provides a remedy for tort claims against the Casino, not the Tribe, that plaintiff never filed a claim under the Ordinance, that he therefore never exhausted the remedies thereunder, and that under no circumstances does the Ordinance authorize lawsuits in federal court for damages. *See id.* at p. 19.

Finally, the opening brief noted that plaintiff's theory, that third parties can sue to enforce Compact terms despite the Compact's express provisions to the contrary, would render the State of California a required party under Federal Rule of Civil Procedure 19, that cannot be joined because of its sovereign immunity. *See id*. at pp. 19-20.

In response, plaintiff's opposition ignores virtually all of the arguments made in defendants' opening brief. Instead, it makes three arguments. First, it claims plaintiff has established jurisdiction because Compact section 10.2(e) requires the Tribe to "adopt and comply with standards no less stringent than federal workplace and occupational health and safety standards." Oppo. at 3:21-24. Second, it argues that the Tribe has waived its sovereign in the Compact, pointing to the Compact's Tort Liability Ordinance provisions. *See id.* at 3:27 – 4:27. Finally, it claims that plaintiff has "qui tam" standing to bring this suit under California Government Code section 12650 *et seq*. None of these arguments have merit, as the following discussion demonstrates.

## II. DISCUSSION

**A.  The Compact's Provision Requiring the Tribe to Adopt as Tribal Law Standards Comparable to Federal Workplace and Occupational Health and Safety Does Not Establish Jurisdiction**

The opposition quotes the Compact's requirement that the Tribe "'Adopt and comply with standards no less stringent than federal workplace and occupational health and safety standards.'" Oppo. at 3:21-24 (*quoting* Compact § 10.2(e)). It then simply asserts that this "would place the claim of this complaint within the scope of this Court's jurisdiction." *Id*. at 3:24-25. This assertion does not even attempt to demonstrate that the Tribe effectuated an express and unequivocal waiver of its sovereign immunity to allow private lawsuits such as this case. It is entirely unsupported by any authority whatsoever and fails to

2

answer any of the arguments made in the defendants' opening brief.

For example, defendants' opening brief explained that plaintiff bears the burden of proving that the court has jurisdiction, *see* Opening Br. at 10:9-14, and that plaintiff also "bears the burden of showing a waiver of tribal sovereign immunity." *Ingrassia v. Chicken Ranch Bingo and Casino*, 676 F. Supp. 2d 953, 956 (E.D. Cal. 2009). Defendants' brief explained that tribal sovereign immunity bars claims in federal court by former tribal employees such as plaintiff. *See* Opening Br. at 14:6-11 (and cases cited therein).

Simply noting that the Compact calls for the Tribe to adopt a tribal law providing workplace and occupational health and safety standards says nothing about what remedies such a tribal law may provide. Nor does it identify what court, if any, would have jurisdiction to hear claims arising under that tribal law. It says nothing about whether the Tribe has waived its immunity as to adverse claims for damages, regardless of forum.

Nothing in plaintiff's opposition satisfies his burden of proving that jurisdiction exists.

**B.      The Compact's Provisions Regarding the Tribal Tort Liability Ordinance Do Not Waive the Tribe's Immunity**

Plaintiff's second argument is that the Compact's requirement that the Tribe enact as tribal law a Tort Liability Ordinance waives the Tribe's sovereign immunity. This argument fails for a number of reasons.

First, the Compact itself is only enforceable by the State and Tribe. *See* Opening Br. at 16:7 – 18:23 (and authorities cited therein). Second, the Tribe's Ordinance does not afford plaintiff any relief here. *See generally* Opening Br. at 18:24 —19:23. That Ordinance does not expressly apply to employee claims of wrongful termination. Instead, it provides a mechanism for patrons and vendors to

seek compensation for injuries occurring while on the Casino site.  *See* Compact § 10.2(d)(i) (Complaint Ex. 2, p. 72 of 97).

Third, the Ordinance does not apply to the Tribe, but instead is limited to claims of tortious wrongdoing by the Casino. *See* Ordinance §§ 15.2, 15.5.1 (Valbuena Dec. ¶ 12 and Ex. 1). It is undisputed that plaintiff was an employee of the Tribe and not the Casino. *See* Valbuena Dec. ¶ 7; Klein Dec. ¶¶ 4, 9-11, 19-20, 28; Lawrence Dec. Ex. 1, p. 20. Thus even if the Ordinance did cover employment claims, it would not cover claims by tribal employees such as plaintiff.

Fourth, plaintiff failed to file a claim under the Ordinance, which is prerequisite to seeking any relief thereunder. *See* Macias Dec. ¶ 3. Fifth, plaintiff failed to exhaust the Ordinance's mandatory Tribal Dispute Resolution process. *See id.* ¶ 4. Sixth, plaintiff seeks punitive damages and attorneys fees, both of which are expressly barred by the Ordinance. *See* Ordinance § 15.6.2; Complaint, Prayer for Relief ¶¶ 3-5. Finally, the Ordinance provides that the final forum available to claimants is arbitration, following exhaustion of the Tribal Dispute Resolution and Gaming Commission review processes. It does not permit lawsuits for damages in federal court. *See* Ordinance § 15.10-11.

Plaintiff's exclusive remedy for his employment-related grievances is found in the Tribe's Employee Handbook. *See* Valbuena Dec. ¶ 13 and Ex. 2, § 2.09; Klein Dec. ¶¶ 22-28. Plaintiff fully availed himself of that process.  He appealed his termination under those policies, first to the Department Director and second to the Tribe's Employee Dispute Resolution Panel. His termination was upheld at both stages of the appeal process. Under Tribal law, the Panel's affirmance was final. *See* Klein Dec. ¶¶ 25-28; Valbuena Dec. Ex. 2, § 2.09. The Tribe's employment policies do not afford employees a right to sue the Tribe in federal court for damages. *See* Opening Br. at 9:15 – 10:3.

**C.  California's False Claims Act Does Not Apply to the Tribe or Casino**

Plaintiff's final argument is that he has standing to bring this lawsuit under the California False Claims Act.  *See* Oppo at 5:12-17.  But as defendants' opening brief explained, "State laws generally are not applicable to tribal Indiana on an Indian reservation except where Congress has expressly provided that State laws shall apply."  *McClanahan v. State Tax Comm'n of Arizona*, 411 U.S. 164, 170-71 (1973).  "[A]bsent governing Acts of Congress, a State may not act in a manner that infringes on the right of reservation Indians to make their own laws and be ruled by them."  *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 332-33 (1983).   Congress has not acted to make California's False Claims Act applicable to tribes on their reservations, and plaintiff's opposition fails to point to any authority whatsoever to the contrary.

## IV. CONCLUSION

For all of these reasons, the Tribe and Casino respectfully request that the Court dismiss this lawsuit with prejudice.

Dated: April 20, 2015                          **Law Office of Frank Lawrence**

By _____/s/_____
          Frank Lawrence
*Attorney for Defendants San Manuel Band of Mission Indians, San Manuel Indian Bingo and Casino*