JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

| | |
|---|---|
| **CASE NO.:** EDCV 14-02365 SJO (DTBx) | **DATE:** April 29, 2015 |
| **TITLE:** Joseph Harris v. San Manuel Band of Mission Indians et al. | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                               Not Present
Courtroom Clerk                                Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**             **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                    Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** [Docket No. 17]

This matter is before the Court on Defendants San Manuel Band of Mission Indians' and San Manuel Indian Bingo and Casino's (collectively, "Defendants") Motion to Dismiss ("Motion"), filed February 27, 2015. Plaintiff Joseph Harris ("Plaintiff") filed an Opposition on March 13, 2015, and Defendants filed a Reply on April 20, 2015. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for May 4, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Defendants' Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges the following. Plaintiff is a resident of San Bernardino County. (Compl. ¶ 1, ECF No. 1.) Defendants, a federally-recognized sovereign Indian tribe, agreed to the Tribal-State Gaming Compact of 1999 ("Compact"), the amended version of which reads in part as follows:

> The Tribe shall waive its right to assert sovereign immunity up to the limits of the Policy in accordance with the tribal ordinance referenced in subdivision (d)(ii) of the Tribal-State Gaming Compact in connection with any claim for personal injury arising out of, connected with, or relating to the operation of the Gaming Facility, including, but not limited to, injuries resulting from entry onto the Tribe's land for purposes of patronizing the Gaming Facility or providing goods or services to the Gaming Facility.

(Compl. ¶¶ 2-3, Ex. 2 ("Am. Compact") § 10.2(d).) The Compact further reads:

> The Tribe shall, in the exercise of its sovereignty, waive its right to assert its sovereign immunity in connection with United States District Court where the Tribe's Gaming Facility is located and the Ninth Circuit Court of Appeals (and any successor

MINUTES FORM 11                                                                      ___ : ___
CIVIL GEN                          Page 1 of 3                    Initials of Preparer _____

Case 5:14-cv-02365-SJO-DTB   Document 22   Filed 04/29/15   Page 2 of 3   Page ID #:266

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** **EDCV 14-02365 SJO (DTBx)**         **DATE:** **April 29, 2015**

court), or, if the federal court declines to hear the action, in any action brought in the courts of the State of California that are located in San Bernardino County, including courts of appeal, to (1) enforce the parties' obligation to arbitrate, (2) confirm, correct, modify, or vacate the arbitral award rendered in the arbitration, or (3) enforce or execute a judgment based upon the award. The Tribe agrees not to assert, and will waive, any defense alleging improper venue or forum non conveniens as to such state courts.

(Am. Compact § 10.2(d)(i).)

Plaintiff was employed by Defendants as a casino security guard from April 17, 2012 until his termination on February 16, 2013. (Compl. ¶¶ 8, 23-24, 27.) Plaintiff reported instances of sexual harassment and suspected drug use in the workplace to supervisors and alleges that he was wrongfully terminated for these complaints. (Compl. ¶¶ 7, 25-26.) Plaintiff brings a single state law cause of action for wrongful termination in violation of public policy. (*See* Compl. ¶¶ 29-43.)

On November 17, 2014, Plaintiff filed his Complaint. On February 27, 2015, Defendants filed the instant Motion seeking to dismiss the suit under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(7).

II.     DISCUSSION

A party may bring a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* When a party challenges the veracity of the allegations supporting subject matter jurisdiction "a court may look beyond the complaint to matters of public record." *White*, 227 F.3d at 1242. In contrast, the challenger in a facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. With a facial attack, "the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made." *Nichols v. Brown*, 945 F. Supp. 2d 1079, 1092-93 (C.D. Cal. Mar. 3, 2013) (citations omitted).

In resolving a facial attack, the court must accept the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). However, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the context of a Rule 12(b)(1) motion, facial plausibility requires the plaintiff

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  **EDCV 14-02365 SJO (DTBx)**          DATE:  **April 29, 2015**

to plead factual content that allows the court to draw the reasonable inference that it has subject matter jurisdiction over the action.  See id. (citing Twombly, 550 U.S. at 556); Wolfe, 392 F.3d at 362.

Plaintiff argues that this Court has subject matter jurisdiction because Defendants are subject to the Indian Gaming Regulatory Act of 1988, a federal law, and because of the Compact, where Defendants waived sovereign immunity and agreed to "comply with standards no less stringent than federal workplace and occupational health and safety standards."  (Am. Compact §§ 10.2(d),(e).)  A "claim to enforce the Compacts arises under federal law and thus" warrants federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Cabazon Band of Mission Indians v. Wilson, 124 F.3d 1050, 1056 (9th Cir. 1997).  However, "IGRA does not serve as a basis for federal jurisdiction for ancillary issues involving Indian gaming," such as routine gaming-related contracts and consulting agreements.  Weather Barrier Const. Ltd. v. Tonkawa Tribe of Okla., No. CIV.08-663-M, 2008 WL 4372367, at *1 (W.D. Okla. Sept. 18, 2008) (citing Iowa Mgmt. & Consultants, Inc. v. Sac & Fox Tribe, 207 F.3d 488, 489 (8th Cir.2000); Calumet Gaming Group-Kan., Inc. v. Kickapoo Tribe of Kan., 987 F.Supp. 1321, 1325 (D.Kan.1997)).  This employment law action is not a claim to enforce the Compacts, but rather one such ancillary issue over which this Federal court lacks jurisdiction.

Further, the sections of the Compact cited by Plaintiff to support waiver of sovereign immunity are inapposite.  "There is a strong presumption against waiver of tribal sovereign immunity."  Demontiney v. United States, 255 F.3d 801, 811 (9th Cir. 2001).  Section 10.2(d) relates only to the tribe's procurement of insurance to cover claims for "bodily injury, property damage, and personal injury," not claims for wrongful termination or other state employment law claims.  (Am. Compact § 10.2(d)).

Finally, Plaintiff argues that he is a "qui tam" plaintiff with standing to enforce the Compact between the State of California and Defendants. (Opp'n 5.)  Plaintiff, however, fails to allege how a state law claim for wrongful termination constitutes a breach of the Compact.  The Compact references only federal workplace and occupational health and safety standards, and Plaintiff has not alleged violations of any federal law or standard.  (See Compact § 10.2(e).)

The Court finds that it lacks subject matter jurisdiction over the action.  Accordingly, the Court **GRANTS** Defendants' Motion.

III.    RULING

For the foregoing reasons, the Court **GRANTS** Defendants' Motion.  Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.  This matter shall close.

IT IS SO ORDERED.